**CT Corporation**

**Service of Process Transmittal**
03/10/2016
CT Log Number 528794995

**TO:**  Karen Nelson
JAMES G. DAVIS CONSTRUCTION CORPORATION
12530 Park Lawn Dr.
Rockville, MD 20852-

**RE:**  **Process Served in District of Columbia**

**FOR:**  James G. Davis Construction Corporation  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TOKIO MARINE AMERICA INSURANCE COMPANY as subrogee of ROCKEFELLER GROUP INVESTMENT MANAGEMENT CORP., Pltf. vs. THE SEVERN GROUP, INC. and JAMES G. DAVIS CONSTRUCTION CO., Dfts.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Summons, Order, Addendum, Complaint, Sheet, Attachment |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 2016CA001422B |
| **NATURE OF ACTION:** | Insurance Litigation - Subrogation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/10/2016 at 13:00 |
| **JURISDICTION SERVED :** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 20 day after service of this summons upon you exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Allen H. Orenberg<br>THE ORENBERG LAW FIRM, P.C.<br>11200 Rockville Pike, Suite 405<br>North Bethesda, MD 20852<br>301-984-8005 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/10/2016, Expected Purge Date: 06/08/2016<br><br>Image SOP<br><br>Email Notification,  Michelle Christen  mchristen@davisconstruction.com<br><br>Email Notification,  Karen Nelson  knelson@davisconstruction.com<br><br>Email Notification,  Constantine Athanas  cathanas@davisconstruction.com<br><br>Email Notification,  Hillary Boroian  hboroian@davisconstruction.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1015 15th St NW Ste 1000<br>Washington, DC 20005-2621<br>202-572-3133 |


**EXHIBIT A**

Page 1 of  1 / VB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Tokio Marine America Insurance Company
_____
Plaintiff

James G. Davis Construction Co.                     Case Number  **2016 CA 001422 B**
SERVE: CT Corporation System
1015  15th  St., NW  #1000
Washington, D.C.  20005
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Name of Plaintiff's Attorney
The Orenberg Law Firm, P.C.
11200 Rockville Pike, #405
Address
North Bethesda, MD  20852

301-984-8005
Telephone
如需翻译，请致电 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화하십시오    የትርጉም እርዳታ ከፈለጉ በ (202) 879-4828 ይደውሉ

Clerk of the Court

By _____
Deputy Clerk

Date  **02/26/2016**

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

TOKIO MARINE AMERICAN INSURANCE COMPANY
    Vs.                              C.A. No.     2016 CA 001422 B
THE SEVERN GROUP, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge STEVEN M WELLNER
Date:  February 26, 2016
Initial Conference: 9:30 am, Friday, June 03, 2016
Location:  Courtroom B-52
             510 4th Street, NW

Calo.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

Filed
D.C. Superior Court
02/25/2016 12:49PM
Clerk of the Court

### SUPERIOR COURT OF
### THE DISTRICT OF COLUMBIA
500 Indiana Ave., N.W., Washington, D.C. 20001

TOKIO MARINE AMERICA INSURANCE
COMPANY as subrogee of ROCKEFELLER
GROUP INVESTMENT MANAGEMENT
CORP.,
c/o Allen H. Orenberg, Esquire
The Orenberg Law Firm, P.C.
11200 Rockville Pike, Suite 405
North Bethesda, MD 20852,

          Plaintiff,

v.

THE SEVERN GROUP, INC.
Serve: Asmar Schor, Registered Agent
5335 Wisconsin Avenue, N.W, Suite 400
Washington, D.C. 20015,

and

JAMES G. DAVIS CONSTRUCTION CO.
Serve: CT Corporation, Registered Agent
1015 15th Street, N.W., Suite 1000
Washington, D.C. 20005,

          Defendants.

2016 CA 001422 B

### COMPLAINT FOR DAMAGES

NOW COMES, Plaintiff TOKIO MARINE AMERICA INSURANCE COMPANY as

subrogee of Rockefeller Group Investment Management Corp., hereby brings this claim for

damages against Defendants THE SEVERN GROUP INC. AND JAMES G. DAVIS

CONSTRUCTION (collectively "Defendants"), Plaintiff alleges as follows:

1

## PARTIES

1.      Plaintiff TOKIO MARINE INSURANCE COMPANY (hereafter "Tokio") is an insurance corporation with its principal place of business located at 230 Park Ave, New York, NY 10169.  At all times herein, Tokio provided property insurance to Rockefeller Group Investment Management Corp., pursuant to policy number SCP 6480074-03, that covered 1100 1st Street N.E., Washington D.C. (hereafter the "Property").

2.      Rockefeller Group Investment Management Corp., (hereafter "Insured") is a private investment company, principally located at 1101 K Street NW, Washington, D.C 22205.

3.      Upon information and belief, Defendant The Severn Group Inc. (hereafter "Severn") was at all pertinent times a corporation duly authorized to conduct and transact business in Washington D.C.  Its principal place of business is 2086 Generals Hwy # 200, Annapolis, MD 21401.

4.      Upon information and belief, Defendant James G. Davis Construction (hereafter "James") was at all pertinent times a corporation duly authorized to conduct and transact business in Washington D.C.  Its principal place of business is 12530 Parklawn Dr, Rockville, MD 20852.

## JURISDICTION AND VENUE

5.      The amount in controversy in this lawsuit is within the jurisdiction of this Court and exceeds the Court's minimum requirement.

6.      Venue is proper in this court as the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

2

7.     At all pertinent times herein, Plaintiff's Insured owned property, including the Property, and provided property insurance for the Property.

8.     This action arises out of a water loss that occurred on or about August 16, 2014, at the Insured's Property.

9.     Prior to the loss, Defendant Severn entered into a contract with the Insured's tenant, Mathematica Policy Research Inc. (hereafter "Mathematica") which leased the 10th floor, whereby Severn would install a water expansion tank for the leased space.

10.     As a result of the contract, Defendant Severn, in turn, subcontracted with Defendant James to install the water expansion tank.

11.     The subject tank was manufactured by Flexcon Industries in 2011.

12.     The manufacturer recommendations for installation included that "the tank is designed to be supported by the system piping. Make sure that there is adequate means of supporting the system piping and if necessary add strapping, brackets of pipe hangars."

13.     On or around August 16, 2014, a security guard found water leaking from ceiling.

14.     Upon further inquiry by the property manager, the source of the water was discovered in a mechanical closet on the 10th floor. The water damage extended from to 10th through the 2nd floors.

15.     Notably, the plumbing company which conducted the repairs of the water system after the loss, indicated that the expansion tank was not supported in any way, directly in contradiction to the manufacturer's recommendation. Secondly, the repair company noted that there was no vacuum breaker present, which is required by the applicable building code.

16.     According to independent expert investigation, inadequate support of the piping and poor installation was the source of the loss.

3

17.    As a result of the aforementioned loss, the Insured suffered significant water damage. The cost of remediating the damage amounted to $204,463.57.

18.    Prior to August 16, 2014, Tokio issued a property insurance policy that covered, among other things, the real property loss for the Insured.

19.    As a result of the loss, the Insured made a claim to Tokio, and under the policy terms, Tokio has issued payment to the Insured.

20.    As a result of this payment, Tokio is subrogated to the Insured's recovery rights against the Defendants.

## COUNT I – NEGLIGENCE AND GROSS NEGLIGENCE

21.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20 as if fully stated herein.

22.    Defendants, at all pertinent times herein, owed a duty of care to the Insured to ensure that the water expansion tank installation was conducted in a skillful, prudent and workmanlike manner.

23.    Defendants breached this duty owed to the Insured through the following acts or omissions including, but not limited to the following:

        a.   Failing to install the water expansion tank in a skillful, prudent and workmanlike manner;

        b.   Failing to install the water expansion tank in compliance with applicable building codes;

        c.   Failing to use due care and safety to ensure that a vacuum breaker was properly installed;

     d. Failing to recognize the likelihood and seriousness of damage related to improperly installing the water expansion tank;

     e. Failing to properly delegate, hire and/or supervise the workmanship and safety of its employees or representatives for the services delegated;

     f. Failing to take all necessary and reasonable precautions to prevent the loss and damage to the Insured's property;

     g. Exhibiting a failure of due care of such magnitude as to rise to the level of gross negligence; and

     h. Any other acts and omissions that may become known during the course of discovery.

24.    Defendant James' duty to perform the installation with the level of skill and accuracy commensurate with their experience is heightened for critical safety aspects of the installation – most notably, those areas related to fire safety and water mains.

25.    Defendant James breached this heightened duty by creating, causing, and/or failing to oversee and timely correct those defects that occurred in areas related to fire safety and water mains.

26.    As a direct and proximate cause of the carelessness, negligence, recklessness, and omissions of Defendants, separately and as a collective, the Insured sustained significant damage.

27.    As a result of the loss, the Insured made a claim to Tokio, and under the policy terms, Tokio was obligated to pay and has paid its insured for the damages incurred.

28.    As a result of this payment, Tokio is subrogated to the Insured's recovery rights against the Defendants.

WHEREFORE, Plaintiffs respectfully request this Court award them a judgment against Defendants for the loss as a result of the negligent installation, together with costs, attorney's fees and expenses, pre- and post- judgment interest, and any other relief this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

29.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 28 as if fully stated herein.

30.     Defendant Severn entered into a contract with the Insured to install the water expansion tank; subsequently, Defendant Severn subcontracted with Defendant James to perform the installation.

31.     As a product of the contracts, Defendants were to complete the installation project in a skillful, prudent and workmanlike manner.

32.     Defendants breached the terms of the contracts by one or more of the following acts or omissions:

    a.  Failing to install the water expansion tank in a skillful, prudent and workmanlike manner;

    b.  Failing to install the water expansion tank in compliance with applicable building codes;

    c.  Failing to use due care and safety to ensure that a vacuum breaker was properly installed;

    d.  Failing to recognize the likelihood and seriousness of damage related to improperly installing the water expansion tank;

e.  Failing to properly delegate, hire and/or supervise the workmanship and safety of its employees or representatives for the services delegated;

f.  Failing to take all necessary and reasonable precautions to prevent the loss and damage to the Insured's property; and

g.  Any other acts and omissions that may become known during the course of discovery.

33.     The Insured performed all conditions and promises as required by the agreement, and Defendants' performance is not excused by law.

34.     As a direct and proximate cause of Defendants' actions, the Insured sustained extensive damage to the Property.

35.     As a result of the loss, the Insured made a claim to Tokio, and under the policy terms, Tokio has issued payment to the Insured.

36.     As a result of this payment, Tokio is subrogated to the Insured's recovery rights against the Defendants.

**WHEREFORE,** Plaintiff respectfully requests this Court award it a judgment against Defendants for the loss as a result of the breach of contract, together with costs, attorney's fees and expenses, pre-' and post- judgment interest, and any other relief this Court deems just and proper.

## COUNT III – BREACH OF EXPRESS & IMPLIED WARRANTIES

37.     Plaintiff incorporates and re-alleges, paragraphs 1 through 36 as though fully set forth herein.

38.     Defendants made certain express or implied warranties or representation to, or for the benefit of, the Insured regarding the nature, fitness, and quality of the installation performed.

39.    Defendants collectively breached these express or implied warranties by failing to install the water expansion tank properly, resulting in both hazardous and costly defects.

40.    The Insured relied upon Defendants' express and implied warranties regarding their specialized knowledge, expertise, experience, skills and judgment to properly perform its duties under the express and implied contracts in a manner which would not present an unreasonable risk of harm to the public or an unduly burden upon the Insured.

41.    As a direct, proximate, and legal result of the defendants' acts omissions, and/or failure to act, the subject loss occurred, causing a significant loss to the Insured.

42.    As a result of the loss, the Insured made a claim to Tokio, and under the policy terms, Tokio was obligated to pay and has paid its insured for the damages incurred.

43.    As a result of this payment, Tokio is subrogated to the Insured's recovery rights against the Defendants.

WHEREFORE, Plaintiff respectfully request this Court award it a judgment against Defendants for the loss as a result of the breach of express and implied warranties, together with costs, attorney's fees and expenses, pre- and post- judgment interest, and any other relief this Court deems just and proper. Furthermore, Plaintiff requests a jury trial.

Dated: February 25, 2016

Allen H. Orenberg, Bar No. 395519
The Orenberg Law Firm, P.C.
11200 Rockville Pike, Suite 405
North Bethesda, Maryland 20852
Tel. No. 301-984-8005
Fax No. 301-984-8008
aorenberg@orenberglaw.com
Attorney for Plaintiff,
TOKIO MARINE AMERICA
INSURANCE COMPANY, as subrogee of
Rockefeller Group Investment Management
Corp.

8

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

**Tokio Marine America Ins. Co.**

Case Number: 2016 CA 001422 B

**The Severn Group, Inc. &
James G. DavisConstruction Co.**
vs

Date: February 24, 2016

☐ One of the defendants is being sued
in their official capacity.

Name: *(Please Print)*
**Allen H. Orenberg**

Firm Name:
**The Orenberg Law Firm, P.C.**

Telephone No.:                Six digit Unified Bar No.:
**301-984-8005**                **395591**

Relationship to Lawsuit

☒ Attorney for Plaintiff

☐ Self (Pro Se)

☐ Other: _____

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury
Demand: $ 204,463.57     Other: **Plus Attorney's Fees, Court Costs and
Pre & Post Judgment Interest**

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: n/a _____     Judge: _____     Calendar #: _____

Case No.: _____     Judge: _____     Calendar #: _____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
         Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
         Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
         Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
         Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
         Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical *(Including Wrongful Death)*
☒ 16 Negligence- (Not Automobile,
         Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
         Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 03 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 05 Foreign Judgment/Domestic
- [ ] 06 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [x] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151.9 (d)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [x] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [x] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_Attorney's Signature_

February 24, 2016
_Date_

CV-496/June 2015