UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOKIO MARINE AMERICA INSURANCE COMPANY, As Subrogee Of Rockefeller Group Investment Management Corp. | :<br>:<br>:<br>:<br>: |
| Plaintiff | : |
| v. | : Civil Case No. 16-CV-00593-RC |
| THE SEVERN GROUP, INC., et al. | : |
| Defendants | : |
| ............................................................................................................................ | |
| THE SEVERN GROUP, INC., et al. | : |
| Defendant/Third-Party Plaintiff | : |
| v. | : |
| FLEXCON INDUSTRIES<br>300 Pond Street<br>Randolph, MA 02368 | :<br>:<br>: |
| Third-Party Defendant | : |

**THIRD-PARTY COMPLAINT AGAINST FLEXCON INDUSTRIES**

COMES NOW the Defendant/Third-Party Plaintiff, The Severn Group, Inc., by and through its attorneys, McCarthy Wilson LLP and Nicholas Andrews, and files this Third-Party Complaint against Third-Party Defendant Flexcon Industries and states as follows:

**FACTS COMMON TO ALL COUNTS**

1. The Plaintiff in this action, Tokio Marine America Insurance Company, has filed a Complaint, asserting that it has sustained damages as the proximate result of a failure in, or leak from, a water heater expansion tank on or about August 16, 2014. The

Complaint alleges that the loss at issue was proximately caused by the Defendants negligence, breach of contract, and/or breach of implied or express warranties.

2. Defendant The Severn Group, Inc. expressly denies the allegations found in the Plaintiff's Complaint and that it is liable to the Plaintiff or its insured for the subject loss. The Defendant further denies that the loss was caused by its acts or omissions in installing the subject water heater expansion tank.

3. Third-Party Defendant Flexcon Industries (herein after referred to as "Flexcon") designed, manufactured, distributed, and/or sold the subject water heater expansion tank.

4. That the damages claimed by the Plaintiff, if any, were a result of the acts and/or omissions of Third-Party Defendant Flexcon in the design, manufacture, distribution, or sale of the subject water heater expansion tank, without contribution thereto by Defendant/Third-Party Plaintiff The Severn Group, Inc.

## **COUNT I: NEGLIGENCE**

1. The Third-Party Plaintiff re-alleges and incorporate herein by references all of the preceding paragraphs.

2. That Third-Party Defendant Flexcon negligently, carelessly and recklessly designed, manufactured, distributed, sold and placed into the stream of commerce the subject defective water heater expansion tank, which it knew or in the exercise of reasonable care should have known was defective and unfit for its intended use.

3. That Third-Party Defendant Flexcon owed a duty to all foreseeable purchasers and users of the subject tank to act reasonably and prudently in the marketing, importation, and distribution of it.

2

4.     That despite the aforesaid duty and violation thereof, Third-Party Defendant Flexcon failed to use reasonable care in design, manufacture, distribution, sale and marketing of the subject tank which proximately caused its failure and the lawsuit at issue in this matter.

5.     That as a direct and proximate result of the negligence of the Third-Party Defendant Flexcon, the Plaintiff suffered damages.

WHEREFORE, the Defendant/Third-Party Plaintiff, The Severn Group, Inc., demands judgment against Third-Party Defendant Flexcon Industries for contribution and/or indemnification for any and all damages recovered by the Plaintiff, together with the cost and fees incurred in this action.

## COUNT II: STRICT LIABILITY

1.     The Third-Party Plaintiff re-alleges and incorporate herein by references all of the preceding paragraphs.

2.     That the subject tank was defective and dangerous when it left the possession and/or control of Third-Party Defendant Flexcon, and the Third-Party Defendant knew or should have known of said dangerous and defective condition.

3.     When the subject tank left the possession and control of the Third-Party Defendant, it was unreasonably dangerous for its intended use.

4.     The subject tank reached and was installed by Defendant The Severn Group, Inc. without substantial changes in its condition at the time it left the Third-Party Defendant's possession and control.

5.     The defective condition of the subject tank proximately caused the loss of which the Plaintiff complains.

WHEREFORE, the Defendant/Third-Party Plaintiff, The Severn Group, Inc., demands judgment against Third-Party Defendant Flexcon Industries for contribution and/or indemnification for any and all damages recovered by the Plaintiff, together with the cost and fees incurred in this action.

### COUNT III: BREACH OF WARRANTIES

1. The Third-Party Plaintiff re-alleges and incorporate herein by references all of the preceding paragraphs.

2. The Third-Party Defendant expressly and/or impliedly warranted to all potential purchasers and users of the subject tank that it was fit for its ordinary and intended use as a water heater expansion tank in commercial and residential applications.

3. That as described in greater detail above, the subject tank was not fit for said ordinary purpose due to a manufacturing defect.

4. That the Third-Party Defendant knew or should have known that the subject tank was not fit for its ordinary or intended purpose.

5. That the Third-Party Defendant expressly/impliedly warranted that the subject tank was free from manufacturing defects and safe for ordinary use.

6. That contrary to said warranties, the subject tank was defective and was not fit for its ordinary use at the time it left the possession and control of Third-Party Defendant Flexcon.

WHEREFORE, the Defendant/Third-Party Plaintiff, The Severn Group, Inc., demands judgment against Third-Party Defendant Flexcon Industries for contribution and/or indemnification for any and all damages recovered by the Plaintiff, together with the cost and fees incurred in this action.

                        Respectfully submitted,

                        McCARTHY WILSON LLP


By:    //s//Nicholas Andrews
         Nicholas Andrews
         Bar No.:  491816
         2200 Research Blvd., Ste. 500
         Rockville, MD  20850
         (301) 762-7770
         andrewsn@mcwilson.com
         *Counsel for Defendant The Severn Group, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2016, a copy of the foregoing **Third-Party Complaint** was filed and served electronically on:

Allen H. Orenberg, Esq.
The Orenberg Law Firm, PC
11200 Rockville Pike, Suite 405
North Bethesda, MD  20852
*Counsel for Plaintiff*

Andre Michael Forte, Esq.
WILSON FORTE LLP
34 W. Franklin Street
Hagerstown, MD 21740
*Counsel for Defendant*
*James G. Davis Construction Co.*

Brett A. Buckwalter, Esq.
Niles, Barton & Wilmer, L.L.P.
111 South Calvert Street
Suite 1400
Baltimore, MD 21202
*Counsel for Defendant*
*James G. Davis Construction Co.*

                        //s//Nicholas Andrews
                        Nicholas Andrews